UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FRANCESENA JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-01005 (MSN/IDD) |
| ) | |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### REPORT AND RECOMMENDATION

This matter is before the Court on the parties' cross-motions for summary judgment (Dkt. Nos. 16, 19). Pursuant to 42 U.S.C. § 405(g), Francesena Jones ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-434. For the reasons stated below, the Court finds that Defendant's decision is supported by substantial evidence, and that there is no evidence warranting remand. Accordingly, the undersigned recommends that Defendant's Motion for Summary Judgment be **GRANTED** [Dkt. No. 19] and that Plaintiff's Motion for Summary Judgment [Dkt. No. 16] be **DENIED**.

### I.     PROCEDURAL BACKGROUND

Plaintiff filed an application for DIB on September 27, 2018, alleging disability since November 15, 2016, due to hypertension and arthritis of the back. Administrative Record ("R.") at 10. Plaintiff's initial claims were denied on June 13, 2019, and again upon reconsideration on

August 6, 2019. *Id.* A hearing before Administrate Law Judge ("ALJ") Thomas Mercer Ray was conducted on November 16, 2020. *Id.*

On December 29, 2020, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. *Id.* at 20. On June 30, 2021, the Appeals Council for the Office of Disability and Adjudication ("Appeals Council") denied Plaintiff's request for review of the ALJ's decision, rendering the ALJ's decision the final decision of the Commissioner for purposes of review under 42 U.S.C. § 405(g). *Id.* at 101-111. Having exhausted her administrative remedies, Plaintiff filed the instant suit challenging the ALJ's decision on September 1, 2021. Dkt. No. 1. Cross-motions for summary judgment were filed and this matter is ripe for disposition.

## II. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, this Court is limited to determining whether the decision was supported by substantial evidence in the record and whether the correct legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is more than a mere scintilla but less than a preponderance of the evidence. *Craig*, 76 F.3d at 589. An ALJ is required to analyze all relevant evidence and sufficiently explain his or her findings. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997). In reviewing the record for substantial evidence, the court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589). If the ALJ's determination is not supported by substantial evidence in the record,

or if the ALJ has made an error of law, the district court must reverse the decision. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The Commissioner's factual findings, if supported by substantial evidence, are conclusive and must be affirmed. *Perales*, 402 U.S. at 390.

The Fourth Circuit applies a harmless error analysis in the context of social security disability determinations. *See Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir.2015); *Hammond v. Colvin*, No. 1:12-CV-01177, 2013 WL 5972432, at *6 (E.D. Va. Nov. 8, 2013). The harmless error doctrine prevents a remand when the ALJ's decision is "overwhelmingly supported by the record though the agency's original opinion failed to marshal that support" and a remand would be "a waste of time." *Williams v. Berryhill*, No. 1:17-CV-167, 2018 WL 851259, at *8 (E.D. Va. Jan. 18, 2018) (citing *Bishop v. Comm'r of Soc. Sec.*, 583 Fed. Appx. 65, 67 (4th Cir. 2014) (per curiam)). An ALJ's error may be deemed harmless when a court can conclude on the basis of the ALJ's entire opinion that the error did not substantively prejudice the claimant. *See Lee v. Colvin*, No. 2:16-CV-61, 2016 WL 7404722, at *8 (E.D. Va. Nov. 29, 2016). When reviewing a decision for harmless error, a court must look at "[a]n estimation of the likelihood that the result would have been different." *See Morton-Thompson v. Colvin*, No. 3:14-CV-179, 2015 WL 5561210, at *7 (E.D. Va. Aug. 19, 2015) (citing *Shineski v. Sanders*, 556 U.S. 396, 411–12 (2009)).

### III. DETERMINING DISABILITY AND THE ALJ'S DECISION

#### A. Determining Disability and the Sequential Analysis

The Social Security Regulations define "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a). To meet this definition, the

claimant must have a severe impairment or impairments that make it impossible to do past relevant work or any other substantial gainful activity that exists in the national economy. *Id.*; *see Heckler v. Campbell*, 461 U.S. 458, 460 (1983). The ALJ is required to employ a five-step sequential evaluation in every Social Security disability claim analysis to determine the claimant's eligibility. Specifically, the ALJ must consider whether the claimant: (1) is engaged in substantial gainful activity;[1] (2) has a severe impairment; (3) has an impairment that equals a condition contained within the Social Security Administration's official Listing of Impairments; (4) has an impairment that prevents past relevant work;[2] and (5) has an impairment that prevents her from any substantial gainful employment. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). After step three of the analysis, but before deciding whether a claimant can perform past relevant work at step four, the ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 416.920(e)–(f), 416.945(a)(1). *Morris v. Berryhill*, No. 3:16-CV-587, 2017 WL 4112365, at *6 (E.D. Va. Aug. 30, 2017), *report and recommendation adopted*, 2017 WL 4108939 (E.D. Va. Sept. 15, 2017).

### B. The ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 15, 2016. R at 13. At step two of the sequential evaluation, the ALJ found that Plaintiff had various severe medically determinable impairments. *Id*. The ALJ found the following impairments severe: degenerative disc disease, hypertension, and obesity. *Id*. at 13-14. At step three of the sequential evaluation,

---

[1] Substantial gainful activity ("SGA") is work that is both substantial and gainful as defined by the Agency in the Code of Federal Regulations. Substantial work activity "involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks, hobbies, therapy, school attendance, and the like are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).

[2] Past relevant work is defined as substantial gainful activity in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 404.1560(b), 404.1565(a).

the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*. at 14-15. In between steps three and four of the sequential evaluation, the ALJ found that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except that Plaintiff could occasionally lift and or carry 20 pounds and frequently lift and or carry 10 pounds, as well as stand, sit, or walk for 6 hours out of an 8 hour workday. *Id*. Plaintiff can occasionally stoop, kneel, crouch, craw and climb ramps, stairs, ladders, ropes, and scaffolds. *Id.* at 15. At step four of the sequential evaluation, the ALJ found that Plaintiff was capable of performing past relevant work as a merchandise clerk. *Id.* at 19. Because the ALJ concluded that the Plaintiff could perform past relevant work as a merchandise clerk, the ALJ was not required to reach the fifth and final step of the sequential evaluation. *Id.* Based on the above, the ALJ concluded that Plaintiff did not suffer from a disability as defined by the Social Security Act, from November 15, 2016 to the date of the ALJ's decision. *Id.* at 20.

## IV.     ANALYSIS

### A.  Cross-Motions for Summary Judgment

Plaintiff raises one primary issue in this action: that the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly evaluate the opinions of Dr. Williams and Dr. Jafferji. *See generally* Pl.'s Br.  In contrast, Defendant seeks summary judgment on the grounds that substantial evidence supports the ALJ's evaluation of the medical opinion evidence. *See generally* Def.'s Br. For the reasons that follow, the undersigned finds that the ALJ did not err, and substantial evidence supports the ALJ's decision.

#### 1.     The Opinions of Dr. Williams and Dr. Jafferji

Plaintiff alleges that the ALJ failed to properly evaluate the opinions of Dr. Williams and Dr. Jafferji, and that the ALJ failed to explain why he found the opinions unpersuasive, unsupported, and inconsistent with the rest of the medical evidence. Pl.'s Brief at 8, 11; R. at 18-19. Defendant argues that the ALJ addressed the two most important factors – supportability and consistency – when he evaluated the persuasiveness of Dr. Williams' and Dr. Jafferji's opinions and that his decision is supported by substantial evidence. Def.'s Br. at 12. The undersigned finds that the ALJ did explain why he found Dr. Williams' and Dr. Jafferji's opinion less persuasive and that the ALJ's finding is supported by substantial evidence.

**Applicable Law**

"An ALJ is required to evaluate and weigh medical opinions based on several non-exhaustive factors: '(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hayward v. Colvin*, No. 1:13CV597, 2014 WL 6705476, at *9 (E.D. Va. Nov. 26, 2014) quoting *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir. 2006). "[T]he ALJ is required to give controlling weight to opinions proffered by the claimant's treating physicians so long as the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." *Bogley v. Berryhill*, 706 F. App'x 112, 113 (4th Cir. 2017) (quoting *Lewis*, 858 F.3d 858 at 867). "If the ALJ determines the treating physician's opinion is not entitled to controlling weight, he or she still must decide how much weight to give the opinion and must provide 'specific reasons' for the weight given to the treating source." *Harmon v. Colvin*, No. 2:13CV269, 2014 WL 2767094, at *3 (E.D. Va. June 18, 2014).

Where an ALJ fails to discuss or assign weight to a medical opinion, reversal is not warranted if it is clear that the opinion was considered by the ALJ. *Tanner v. Comm'r of Soc. Sec.*, 602 Fed. Appx. 95, 100-01 (4th Cir. 2015) (finding harmless error when ALJ failed to expressly assign weight to an opinion because the RFC reflected the opinion's recommendations, the opinion was included in the evidence the ALJ considered, and it was unlikely that a remand would change the Commissioner's finding); *see also Keaton v. Colvin*, No. 3:15cv588, 2017 WL 875477 at *4 (E.D. Va. Mar. 3, 2017) (finding that the record showed that the ALJ reviewed and considered doctors' opinions despite not assigning them weight).

*1. Dr. William's Medical Opinion.*

The undersigned finds that the ALJ properly evaluated the opinion of Dr. Williams and explained why he gave Dr. Williams' July 2020 medical source statement less than controlling weight, and that the ALJ's findings were supported by substantial evidence.

In the medical source statement, dated July 2020, Dr. Williams opined, *inter alia*, that Plaintiff could stand/walk for one hour a day; Plaintiff would be off task for ten percent of the workday; Plaintiff could lift 20 pounds occasionally and 10 pounds frequently; and that Plaintiff would likely be absent from work more than twice a month. R. at 765-68. In his opinion, the ALJ explained that Dr. Williams' July 2020 medical source statement was not consistent with the medical record and provided the following examples. *Id*. at 19.

First, he found that Dr. Williams' opinion regarding Plaintiff's off task time and absenteeism was more restrictive than what the medical evidence supports because Plaintiff was consistently noted to be in no distress during her medical appointments, which at times lasted up to two hours. *Id* at 380. After reviewing the record, the undersigned finds the ALJ's findings are supported by substantial evidence. Multiple places in the record indicate Plaintiff was in no

7

distress during medical appointments. *Id.* at 369, 381, 478, 579, 777, 784, 792, 800, 812, 826. Further, Plaintiff stated she had no issue paying attention in an Adult Function Report, but in a later report, states that she can only pay attention for 20-30 minutes. *See id.* 287, 313. The undersigned finds that the ALJ provided a sufficient description of and basis for his medical opinion evidence determination. Assuming, *arguendo*, that there is an inconsistency in the evidence, it is not the duty of this Court to resolve inconsistencies where the ALJ's opinion is supported by substantial evidence. *See Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (noting that it is not the responsibility of the Court "to reconcile inconsistencies in the medical evidence"); *Mickles v. Shalala*, 29 F.3d 918, 923 (4th Cir. 1994) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)" (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)).

Second, the ALJ found that Dr. Williams', opinion that Plaintiff could only stand/walk for one hour of an eight-hour workday, contradicted the evidence showing that Plaintiff had no issues with ambulation throughout her medical appointments. R. at 19. Plaintiff argues that the ALJ "cherry-picked" facts and ignored additional evidence throughout the record that supports limitation. *See* Pl.'s Br. at 9. However, a review of the medical record and Dr. Williams' report show that the ALJ did not "cherry-pick" the evidence to support his conclusion, but adequately evaluated Dr. Williams' assessed limitations alongside the medical record and the other medical opinion evidence. In medical opinions the ALJ found persuasive, state agency medical physicians Dr. McGuffin and Dr. Surrusco found that Plaintiff could sit and stand/walk for six hours out of an eight-hour workday. R. 18; R. 79-80, 93. The ALJ found these opinions supported by numerous findings that Plaintiff possessed normal gait and strength at both her

8

medical appointments and consultative exam. R. 18. After reviewing the record, the undersigned finds that substantial evidence supports the ALJ findings noted. *Id.* at 17, 369, 381, 478, 554, 568, 580, 587, 777, 784, 792, 800, 812, 826.

Third, the ALJ found that "the findings of significant manipulative and postural limitations are unsupported by the conservative treatment and findings of generally normal strength and range of motion throughout her upper and lower extremities, and such significant environmental limitations are unsupported by the evidence of record." *Id*. Again, Plaintiff contends that the ALJ cherry picked evidence to support his findings. *See* Pl.'s Br. at 11. After reviewing the record, the undersigned finds that the ALJ's findings are supported by substantial evidence. *See* R. at 376-77, 381, 554, 568, 580, 616-18. Several points in the record indicate that Plaintiff has normal strength and range of motion, including Dr. Jafferji's April 2019 consultative examination that stated Plaintiff had 5/5 strength in her upper extremities in all muscle groups, 5/5 strength in her lower extremities, range of motion within normal limits in all extremities and spine, and a normal walking gait. *Id.* 17, 462-63. After full review of the ALJ's evaluation of Dr. Williams' opinion, the undersigned finds that the ALJ satisfied the regulations and substantial evidence supports his findings.

*2. Dr. Jafferji's Medical Opinion.*

The undersigned finds that the ALJ properly evaluated the opinion of Dr. Jafferji and explained why he gave Dr. Jafferji's medical consultant report less than controlling weight, and that the ALJ's findings were supported by substantial evidence.

In the medical consultant report, dated May 2019, Dr. Jafferji opined that Plaintiff could stand/walk for two hours a day; Plaintiff could lift 10 pounds occasionally and 5 pounds frequently; and that Plaintiff could bend and stoop occasionally. R. at 464. In his opinion, the

ALJ explained that Dr. Jafferji's May 2019 medical consultant report was not consistent with the medical record because Dr. Jafferji's opinion contradicts his own examination of the Plaintiff. *Id.* After reviewing the record, the undersigned agrees with the ALJ's findings. Records of Dr. Jafferji's examination of Plaintiff noted that Plaintiff had full strength in her upper and lower body, full range of motion, a normal walking gait, and no issues with heel or toe walking. *Id.* at 463. Both Dr. Jafferji's own report and the record support the ALJ's finding that Dr. Jafferji's opinion is more restrictive than what is consistent with the record.

Because the ALJ followed the revised rules, explained his evaluations on medical opinion evidence, and built a "logical bridge from the evidence to his conclusion," the ALJ's opinion evaluations are supported by substantial evidence. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Therefore, the undersigned finds no error in the ALJ's residual functional capacity evaluation and his evaluation of the medical opinion evidence.

## V.     RECOMMENDATION

For the reasons set forth above, the undersigned Magistrate Judge recommends that Plaintiff's Motion for Summary Judgment [Dkt. No. 16] be **DENIED** and Defendant's Motion for Summary Judgment [Dkt. No. 19] be **GRANTED.**

## VI.     NOTICE

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report**

10

**and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

July 25, 2023
Alexandria, Virginia

/s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

11