IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FRANCESCA JONES,<br>    Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of Social Security,<br>    Defendant. | No: 1:21-cv-01005–MSN-IDD |

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Francesca Jones's Objections to the Report & Recommendation of the Magistrate Judge (Dkt. No. 24) ("Objections"), and Defendant Acting Commissioner of the Social Security Administration's response (Dkt. No. 25). For the reasons set forth below, the Court **OVERRULES** the Objections; **APPROVES** and **ADOPTS** in full the Report & Recommendation (Dkt. No. 23) ("R&R"); **DENIES** Plaintiff's motion for summary judgment (Dkt. No. 16); and **GRANTS** the Acting Commissioner of the Social Security Administration's motion for summary judgment (Dkt. No. 19).

## I. PROCEDURAL BACKGROUND

As an initial matter, the Court finds that the Magistrate Judge accurately detailed the procedural history and factual background of this case in the R&R, and neither party has objected to those portions. Accordingly, the Court adopts those findings in full and will not recount them beyond what is stated immediately below.

On September 1, 2021, Plaintiff filed a Complaint in this Court appealing the decision of the Acting Commissioner of the Social Security Administration ("Commissioner") to deny Plaintiff's applications for Social Security Disability Insurance benefits ("DIB"). (Dkt. No. 1)

("Compl."). On March 7, 2022, Plaintiff submitted her motion for summary judgment and memorandum in support. (Dkt. Nos. 16, 17). On April 7, 2022, the Commissioner filed its motion for summary judgment and Opposition to Plaintiff's motion. (Dkt. Nos. 19, 20). On April 21, 2022, Plaintiff filed her Reply in support of her Motion and in opposition to the Commissioner's motion. (Dkt. No. 22). On July 25, 2023, Magistrate Judge Davis filed his R&R (Dkt. No. 23) recommending that Plaintiff's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted, thereby upholding the Administrative Law Judge's ("ALJ") ruling denying Plaintiff's claim for DIB. The parties then had fourteen (14) days to file written objections to the R&R. On August 8, 2023, Plaintiff filed her Objections (Dkt. No. 24), and Defendant filed a response to objections on August 17, 2023 (Dkt. No. 25).

## II.   LEGAL STANDARD

A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). A proper objection is "sufficient[ly] specific [ ] so as reasonably to alert the district court of the true ground for the objection." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (cleaned up). For portions of the R&R for which no proper objection is made, a district court need review only for clear error. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing a final administrative decision, a reviewing court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citation omitted). Substantial evidence thus requires "more than a mere scintilla," but requires no more than "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berrhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "'In reviewing for substantial evidence, [district courts] do not undertake to re-weigh conflicting evidence, make

credibility determinations, or substitute our judgment' for the ALJ's." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).

### III.   DISCUSSION

The ALJ is required to follow a five-step sequential analysis to evaluate whether an individual has a requisite disability for benefits under the Social Security Act. 20 C.F.R. § 404.1520(a). The sequential analysis includes the following assessments: (1) whether the claimant is engaged in substantial gainful activity; (2) the severity of the claimant's medically determinable physical and mental impairments; (3) whether the claimant has an impairment that meets or equals one of the Social Security Administration' official impairments; (4) whether an impairment prevents the claimant from performing any past relevant work in light of the claimant's residual functional capacity ("RFC"); and (5) whether the claimant has an impairment that prevents her from any substantial gainful employment. *Id.*

Following this five-step inquiry, the ALJ in Plaintiff's case found under step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of November 15, 2016. Administrative Record ("AR") at 13. The ALJ found under step two that Plaintiff had severe impairments, including degenerative disc disease, hypertension, and obesity. *Id.* The ALJ found under step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. *Id.* at 14-15. The ALJ then concluded that Plaintiff had the RFC to perform light work with the following limitations: lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit, stand and/or walk for six hours out of an eight-hour workday; push and/or pull as much as could lift and/or carry; occasionally stoop, kneel, crouch, and crawl; and occasionally climb ramps, stairs, ladders, ropes, or scaffolds. *Id.* at 15. At step four, the ALJ found that Plaintiff could perform her past relevant work as a

merchandise clerk as actually performed. *Id.* at 19-20. The ALJ thus found Plaintiff not disabled as defined in the Act from November 15, 2016—Plaintiff's alleged onset date—through the date of the ALJ's decision on December 29, 2020. *Id.* at 20-21.

Appealing the ALJ's decision, Plaintiff argues that the ALJ's RFC determination was unsupported by substantial evidence because the ALJ failed to properly evaluate the opinion evidence. In his R&R, the Magistrate Judge concluded that the ALJ's decision was supported by substantial evidence, and recommended granting Defendants' motion for summary judgment and denying Plaintiff's motion for summary judgment. Specifically, the ALJ found the opinions of Dr. Williams and Dr. Jafferji to be unpersuasive, and the Magistrate Judge agreed.[1]

In her Objections, Plaintiff argues that the Magistrate Judge's conclusion that the ALJ's RFC determination is supported by substantial evidence is erroneous. At its core, Plaintiff's Objections are merely restatements of the same arguments raised in her motion for summary judgment and as Defendant correctly argues, amount to nothing more than disagreement with the conclusions reached by the ALJ. *Compare* Dkt. No. 17 at 6–13 *with* Dkt. No. 24. The Court therefore is required only to conduct a review for clear error, for which there is none. *See John R. v. Kijakazi*, No. 2:22cv47, 2023 WL 2682358, at *1 (E.D. Va. Mar. 29, 2023) ("In situations where no proper objection is made, the district court need only review the [R&R] for clear error." (citation omitted)).

Even on de novo review, however, the Court finds that the Magistrate Judge's conclusion that the RFC determination was supported by substantial evidence to be sound. Plaintiff first argues

---

[1] Relevant here, "a medical opinion" is a statement from a medical source about the claimant's abilities or limitations in terms of physical, mental, and other work activities. *See* 20 C.F.R § 404.1513(a)(2). The ALJ does not "defer or give any specific evidentiary weight" to a medical opinion. Rather, the ALJ assesses the persuasiveness of medical opinions. *See* 20 C.F.R. § 404.1520c(a). In evaluating a medical opinion's persuasiveness, "the most important factors" are "supportability" and "consistency." *Id.*

4

in her Objections that the Magistrate Judge's conclusion—that Dr. Williams's opinion regarding off-task time and absenteeism is inconsistent with her inability to attend medical appointments without displaying distress—"lacked sufficient explanation." (Dkt. No. 24 at 2). She argues that the Magistrate Judge "fail[ed] to explain how Plaintiff's level of distress during the appointments she attended related to her ability to attend those appointments." *Id.* The Court finds that the ALJ properly evaluated the opinion of Dr. Williams when determining that the opinion was not persuasive. As the Magistrate Judge noted, the ALJ accurately found that Plaintiff was consistently noted to be in no distress during her medical appointments, which at times lasted up to two hours. AR at 380. This finding is supported by substantial evidence, including multiple instances in the record in which Plaintiff was not in distress during medical appointments. *Id.* at 369, 381, 478, 554, 580, 777, 784, 792, 800, 812, 826. Plaintiff's lack of distress during medical appointments is relevant because it is evidence of Plaintiff's ability to perform certain basic activities.

Plaintiff also objects to the finding by the Magistrate Judge that the ALJ did not cherry-pick evidence in concluding that the opinion of Dr. Williams—that Plaintiff could only stand or walk for one hour of an eight-hour workday—was inconsistent with other normal strength and range of motion findings in the record. A review of the record supports the conclusion that the ALJ did not "cherry-pick" evidence that would merely support its conclusion; rather, the ALJ evaluated Dr. Williams' assessed limitations alongside the medical record and the other medical opinion evidence.

Indeed, the ALJ's conclusion was supported by medical opinions the ALJ found to be persuasive—those of state agency medical consultants Dr. McGuffin and Dr. Surrusco. The opinions of these physicians were that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently and sit, stand and/or walk for six hours out of an eight-hour workday and could occasionally stoop, kneel, crouch, crawl, and/or climb ladders, ropes, scaffolds, ramps, or stairs.

AR at 18, 79-80, 93. The ALJ found that the medical opinions of these state agency consultants were "consistent with and supported by the objective medical evidence of record." *Id.* at 18. The ALJ also found that "the findings that [Plaintiff] has the capacity to stand/walk for six hours and carry up to 20 pounds are supported by the numerous findings of [Plaintiff] possessing a normal gait and strength in both her medical appointments and Consultative Examination." *Id.* The ALJ further found that "the limitations with regard to [Plaintiff's] postural movements are consistent with and supported by the mild to moderate findings reflected in her diagnostic image and the potential limitations from [Plaintiff's] obesity." *Id.* Lastly, Dr. Jafferji's May 2019 consultative exam that stated Plaintiff had 5/5 strength in her upper extremities in all muscle groups, 5/5 strength in her lower extremities, range of motion within normal limits in all extremities and spine, and a normal walking gait. *Id.* 17-18, 462-63. Upon review of the record, the Court agrees with the Magistrate Judge and concludes that the ALJ satisfied the regulations and substantial evidence supports his findings when evaluating Dr. Jafferji's and Dr. Williams's opinions.

Finally, with respect to Plaintiff's challenge to the ALJ's conclusion that Dr. Jafferji's medical opinion contradicted his own findings, Plaintiff objects to the R&R on the grounds that the Magistrate Judge "merely rubber stamp[ed]" the ALJ's "practice of cherry-picking evidence and failing to provide proper explanations for his reasoning." (Dkt. No. 24 at 3). Upon a review of the record, the Court finds that the ALJ properly considered the opinion of Dr. Jafferji but concluded that his report was not entirely internally consistent and thus rendered less persuasive. Although Dr. Jafferji opined Plaintiff could stand or walk for two hours each per eight-hour workday and sit for four hours per eight-hour workday; she could lift up to ten pounds occasionally; and she could bend or stoop occasionally. AR 464. He also noted that Plaintiff had full strength in her upper and lower body, full range of motion, a normal walking gait, and no issues with heel or toe walking. *Id.* at 463. The Court agrees with the ALJ's determination that Dr.

6

Jafferji's opinion "is markedly more restrictive than what is supported by or consistent with the medical evidence of record." AR at 18. As the ALJ explained, the opinion was not supported by Dr. Jafferji's own treatment notes, "which noted full 5/5 strength in her upper extremities, lower extremities, and grip, full range of motion, and no issues with tandem, heel, or toe walking. (Exhibit 3F/4)." *Id.* Dr. Jafferji's findings of carrying no more than ten pounds or walking longer than two hours are inconsistent with both Plaintiff's conservative treatment history and numerous observations of Plaintiff in no acute distress with few deficiencies in strength or gait. *Id.* The Court therefore finds that there is substantial evidence to support the ALJ's conclusion that Dr. Jafferji's opinion "[was] not persuasive" because the purported restrictions identified by him were "not supported by or consistent with the objective medical evidence." *Id.*

## V.    CONCLUSION

For these reasons stated above, the Court will approve and adopt the Magistrate Judge's R&R, deny Plaintiff's motion for summary judgment; grant Defendant's motion for summary judgment motion (Dkt. No. 19); and affirm the final decision of the Acting Commissioner of the Social Security Administration in an order to be issued with this Memorandum Opinion.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
November 13, 2023